Opinion issued May 25, 2006











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00033-CR
NO. 01-05-00034-CR




FRANK JAMES WILEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause Nos. 984142 and 984143




MEMORANDUM OPINION
          Appellant, Frank James Wiley, appeals from convictions in cause number
984142 for the felony offense of burglary of a habitation with intent to commit a
felony and in cause number 984143 for the felony offense of aggravated assault with
a deadly weapon. See Tex. Pen. Code Ann. § 30.02(a)(1), (d)(1)–(2) (Vernon 2003)
(burglary) and § 22.02(a)–(b) (Vernon Supp. 2005) (aggravated assault). Appellant
pleaded not guilty to both charges. The trial court found appellant guilty of both
offenses and assessed punishment at 30 years’ confinement in prison for each offense,
with the punishments to run concurrently.
          Appellant’s counsel on appeal has submitted a brief stating her professional
opinion that the appeals are without merit and that there are no arguable grounds for
reversal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Appellant has filed a pro se response brief. In his first issue, appellant asserts that his
appointed trial attorney rendered ineffective assistance of counsel by failing to object
to the charge of burglary with intent to commit aggravated assault and by failing to
“question the legal bases” of the absence of evidence of a firearm with his 
fingerprints. In his second issue, appellant asserts that false information was
presented to the grand jury, resulting in “unauthorized sentences.” In his third issue,
appellant contends that his appellate counsel is ineffective because she filed an
Anders brief. In his fourth issue, appellant contends that his sentence for aggravated
assault is outside the punishment range. We modify the judgments and, as modified,
affirm appellant’s convictions.
Background
          Appellant had a long-term relationship with complainant Sherinda Kelly, the
mother of his children. Sherinda broke up with appellant, moved out of the house
that they shared, and moved in with her mother and stepfather, complainant Bobby
Ray Ensley. Almost three weeks later, appellant went to the Ensley residence to
speak to Sherinda. Sherinda and appellant were speaking on the front porch when
they began to argue. Sherinda entered the house, locking both the screen door and
the front door behind her. About five or 10 minutes later, Sherinda saw appellant
through a window in the front door, pointing a shotgun at her. As appellant forced
open the doors, Sherinda’s mother called 911.
           Appellant pointed the gun at Sherinda, threatening to kill her. Ensley grabbed
appellant’s arm to keep him from pointing the gun at Sherinda. The gun discharged
at least twice towards the back of the house, striking the back door. Sherinda ran out
the front door, but fell outside. As appellant caught up with her, he grabbed her and
dragged her towards his car. Sherinda got away from appellant by removing her shirt. 
Appellant fled in his car, taking the gun with him, when police sirens were audible
nearby.
          The officer who investigated the shooting on the night that it occurred
examined the scene for physical evidence. The officer found damage on the inside
of the back door that was consistent with indoor gunfire. The gun used in the incident
was never recovered.
          At trial, appellant testified that he went to the Ensley house at Sherinda’s
invitation, where he drank beer in the living room with Sherinda’s mother and Ensley. 
As Sherinda’s mother and appellant began to argue, Ensley assaulted appellant, then
acquired the shotgun from a back room of the house and came at appellant. During
the ensuing struggle over the gun, the gun discharged. Appellant disarmed Ensley,
taking the gun as he fled the house. Appellant disassembled the gun, discarding the
pieces in the trash can at his residence. Appellant testified that Sherinda, her mother,
and Ensley fabricated the story that he broke into their house with a shotgun.
          Appellant was indicted by the grand jury for burglary of a habitation with intent
to commit aggravated assault, with an enhancement paragraph that alleged a prior
conviction for possession of a controlled substance on October 28, 1991, in cause
number 591652 in the 180th District Court of Harris County. Appellant was also
indicted for aggravated assault, a second-degree felony, enhanced with the same
enhancement paragraph described above. The record does not show whether
appellant pleaded true or not true to the enhancement paragraphs, but, at trial, he
stipulated that he was the same person who had been previously convicted of the
possession of a controlled substance, as described above. 
 
Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states her
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel sent a copy of the brief to appellant, requested permission
to withdraw from the case, and notified appellant of his right to review the record and
to file a pro se response. The State waived its opportunity to file an appellee’s brief
to reply to the arguments presented in appellant’s pro se response.
          When we receive an Anders brief from a defendant’s court-appointed attorney
who asserts that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record. See Anders, 386
U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting
same passage from Anders). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal, which includes reviewing a pro se response by
appellant, is limited to determining whether arguable grounds for appeal exist. See
Bledsoe, 178 S.W.3d at 827. If we determine that arguable grounds for appeal exist,
we must abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. See id. The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the defendant wishes,
allow the defendant to proceed pro se. See id. We do not rule on the ultimate merits
of the issues raised by appellant in his pro se response. Id. If we determine that there
are arguable grounds for appeal, appellant is entitled to have new counsel address the
merits of the issues raised. Id. “Only after the issues have been briefed by new
counsel may [we] address the merits of the issues raised.” Id. 
          If, on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 
          In accordance with Anders and Bledsoe, we have reviewed the record,
appellant’s appointed counsel’s Anders brief, and appellant’s pro se response to that
brief and conclude that no reversible error exists.
Modification of Judgment
          In our independent review of the entire record, we have, however, determined
that there is a conflict between the oral pronouncements of sentence in open court and
the written judgments. On the record, the trial court orally found true the
enhancement allegations in the indictments. The judgments, however, do not reflect
the trial court’s finding of true. In the sections relating to “Plea to Enhancement[s]”
and “Findings on Enhancement(s),” the preprinted letters “N/A” are circled on both
written judgments.
          When the oral pronouncement of the sentence in open court conflicts with the
written judgment, the oral pronouncement controls. Thompson v. State, 108 S.W.3d
287, 290 (Tex. Crim. App. 2003). The solution in such a case is to modify the written
judgment to conform to the sentence that was orally pronounced in open court. Id.;
see also Ex parte Madding, 70 S.W.3d 131, 137 (Tex. Crim. App. 2002) (modifying
written judgment to reflect oral pronouncement of sentence). An appellate court has
the power to correct a trial court’s written judgment if the appellate court has the
information necessary to do so. Cobb v. State, 95 S.W.3d 664, 668 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). This power does not depend upon a party’s
calling an error to the court’s attention or raising the issue on appeal. See French v.
State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of Asberry
v. State, 813 S.W.2d 526, 529–31(Tex. App.—Dallas 1991, pet. ref’d) (concluding
that authority to reform incorrect judgment “is not dependent upon the request of any
party”)). 
           The written judgments are incorrect because they do not reflect the findings
of true on the enhancement paragraphs. Moreover, without the finding of true on the
enhancement paragraphs, the 30-year sentence in cause number 984143 is outside the
statutorily authorized range of punishment for a second-degree felony. See Tex. Pen.
Code Ann. § 22.02(a)–(b) (Vernon Supp. 2005) (classifying aggravated assault as
second-degree felony); id. § 12.33 (Vernon 2003) (setting sentence from two to 20
years in second-degree felony); id. § 12.42(b) (Vernon Supp. 2005) (classifying as
first-degree felony second-degree felony enhanced by true finding of prior
conviction); id. § 12.32(a) (Vernon 2003) (setting sentence from five to 99 years or
life in first-degree felony). Because the oral pronouncements control over the written
judgments, we have the information necessary to correct the written judgments of the
trial court. We therefore modify the judgments in trial court cause numbers 984142
and 984143 to conform with the trial court’s oral finding of “true” on the
enhancement paragraphs alleged in those two cases.
Conclusion
          We modify the judgments of the trial court to conform with the trial court’s oral
findings of “true” on the enhancement paragraphs in the indictments of cause
numbers 984142 and 984143. As modified, we affirm the judgment of the trial court 
and grant appointed counsel’s motion to withdraw.


 
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Keyes, Alcala, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).