NO. 07-10-0007-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 22, 2010

_____

WILLIAM GENE BAKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,764-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, William Gene Baker, was found guilty of assault causing bodily injury to a family member[1] enhanced following a bench trial and sentenced to seven years confinement. Appellant's single point of error asserts the trial court abused its discretion and denied Appellant both due process and equal protection under law by questioning

_____

[1]Tex. Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2009).

Appellant concerning an uncharged "bad act" during the guilt/innocence phase of trial. We affirm.

## Background

In July 2009, the Potter County Grand Jury indicted Appellant for intentionally, knowingly, or recklessly causing bodily injury to Ruby Green, a member of Appellant's family or a member of his household or a person with whom he was in a dating relationship, by pushing her with his hands and causing her head to strike a doorknob. The indictment also contained an enhancement paragraph alleging Appellant was convicted of a prior felony offense, robbery, in the 181st District Court of Potter County, Texas on July 15, 2005.

Appellant was tried by the bench on December 17, 2009. During the guilt/innocence phase of the trial, the following exchange occurred between the trial court, Appellant, and defense counsel as follows:

THE COURT: Mr. Baker, when you made that bond, you went in and signed the bond, didn't you?

[APPELLANT]: Yes, sir.

THE COURT: And you were aware you weren't supposed to have any contact with Ms. Green as a condition of your bond; isn't that right?

[APPELLANT]: Oh, yes, sir.

THE COURT: But are you telling me today, under oath, you still had contact with her despite that?

[APPELLANT]: Yes, Your Honor.

2

| | |
|---|---|
| [DEFENSE COUNSEL]: | I would like the Court to admonish him.  I've already admonished  him. |
| THE COURT: | I just want to make sure.  That is true? |
| [APPELLANT]: | Yes, sir.  I let her stay with me, yes. |
| THE COURT: | Okay. |
| [DEFENSE COUNSEL]: | I have no further questions of this witness. Thank you, Your Honor. |

Thereafter, the trial court found Appellant guilty and this appeal followed.

## Discussion

To preserve an error on appeal, the record must show the appellant made a timely, specific objection or motion to the trial court stating the grounds for the ruling sought with sufficient specificity and complying with the rules of evidence and procedure.  See Tex. R. App. P. 33.1(a)(1).  Here, the record shows Appellant's counsel made no objection premised on due process or equal protection of law during the trial court's questioning of Appellant.  Thus, no error was preserved.  Although Appellant's counsel did request the trial court to admonish his client, this request came after Appellant had answered the trial court's question in the affirmative and there was no subsequent request to strike Appellant's response from the record.  Accordingly, we overrule Appellant's sole point of error.  See *Gutierrez v. State,* 36 S.W.3d 509, 511 (Tex.Crim.App. 2001); *Cobb v. State,* 95 S.W.3d 664, 666 (Tex.App.--Houston [1st Dist.] 2002, no pet.).

**Attorney's Fees**

We also note an issue not raised by Appellant regarding the assessment of attorney's fees.[2] The written judgment in this case reflects the assessment of court-appointed attorney's fees totaling $1,750.00, as costs of court. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided. Tex. Crim. Proc. Ann. art. 26.05(g) (Vernon 2009). Here, the clerk's record reflects the trial court found Appellant indigent and unable to afford the cost of legal representation both before trial in May 2009, and again after trial in January 2010. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (Vernon Supp. 2009). Therefore, because there is evidence of record demonstrating that immediately following rendition of judgment Appellant was indigent and qualified for court-appointed counsel, we presume that his financial status has not changed.

Furthermore, the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

---

[2]Courts of appeals may review unassigned error in criminal cases, particularly where the record discloses error that should be addressed in the interest of justice. *Hammock v. State,* 211 S.W.3d 874, 878 (Tex.App.--Texarkana 2006, no pet.). Where, as here, the error appears on the face of the judgment and does not involve the merits of the criminal trial, but instead solely addresses the clerical correctness of the judgment, we find that the interest of justice dictate that we address the issue.

We note that the record in this case does not contain a pronouncement, determination, or finding that Appellant had financial resources that enable him to pay all or any part of the fees paid his court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude that the order to pay attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id.* When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557*; see also Anderson v. State,* No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, at *9 (Tex.App.--Austin July 1, 2010, no pet.) (also modifying judgment to delete attorney's fees). Accordingly, we modify the judgment to delete the order to pay attorney's fees.

## CONCLUSION

Having modified the trial court's judgment to delete the order obligating Appellant to pay $1,750.00 in attorney's fees, as modified, the judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.

5