**Steven Yong COBB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–02–00136–CR, 01–02–00137–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 2002.

Layton W. Duer, Houston, for Appellant.

Donald W. Rogers, Jr., Assistant District Attorney, Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

TIM TAFT, Justice.

Appellant, Steven Yong Cobb, pled guilty without an agreed recommendation to two indictments, one charging aggravated robbery by use or exhibition of a knife, and the other charging aggravated robbery by use or exhibition of a firearm. *See* TEX. PEN.CODE ANN. § 29.03(a)(2) (Vernon 1994). After ordering a pre-sentence investigation (PSI), the trial court made a deadly-weapon finding in each case and assessed punishment in both cases at eight years in prison, with the sentences to run concurrently. We determine (1) whether appellant waived his complaints for lack of objection below, (2) whether the deadly-weapon findings in both judgments are insufficient for being in allegedly improper form, and (3) whether we should modify the deadly-weapon finding entered in the judgment in one of the causes to indicate that the deadly weapon was a firearm. We affirm the judgment in trial court

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

cause number 879100 (appellate cause number 01–02–00136–CR). We modify the judgment in trial court cause number 879101 (appellate cause number 01–02–00137–CR) and affirm the judgment as so modified.

## Background

On May 31, 2001, appellant robbed Dylan Duc Nguyen while pointing a shotgun at him. The next day, appellant robbed Yvonne Randall at knifepoint, stealing her car.

## Waiver

In point of error two, appellant claims that the trial court erred in failing to order separate PSI reports for each case. In point of error three, appellant claims that the trial court erred by considering the victims' punishment recommendations contained under the victim-impact section of the PSI.

Appellant did not object below on these grounds. Accordingly, if any error existed, appellant has waived the right to complain of it on appeal. *See* Tex.R.App. P. 33.1(a).

We thus overrule appellant's points of error two and three.

## Sufficiency of Deadly–Weapon Findings

In point of error one, appellant claims that the trial court erred in entering allegedly insufficient deadly-weapon findings in both judgments. Specifically, appellant claims that "the judgments in the cases merely recite that an affirmative finding of a deadly weapon has been entered," rather than being in the form required by the Code of Criminal Procedure. Appellant thus requests that we strike both deadly-weapon findings.

The State first argues that appellant waived this challenge by not objecting below. We disagree. This challenge differs from appellant's two other challenges because this challenge is to language in the written judgment, rather than to anything that occurred in the court hearing. Because the judgment was not prepared until after the end of the hearing, appellant could not have complained at the hearing about any alleged defect in the judgment. Additionally, the State cites no authority requiring a defendant to raise an objection to the wording of a judgment by post-judgment motion. Indeed, one court of appeals has held to the contrary when considering a similar appellate complaint, and we have found implicit and analogous authority supporting that court's conclusion. *See Edwards v. State*, 21 S.W.3d 625, 626 n. 1 (Tex.App.-Waco 2000, no pet.) (holding that appellant did not need to preserve complaint that deadly-weapon finding was unauthorized for jury's not having made such a finding); *see also* Tex. R.App. P. 21.2 (in a criminal case, "A motion for new trial is a prerequisite to presenting a point of error on appeal *only when necessary to adduce facts not in the record*.") (emphasis added); *cf. Asberry v. State*, 813 S.W.2d 526, 529–31 (Tex.App.-Dallas 1991, pet. ref'd) (before reforming judgment upon State's cross-point to add deadly-weapon finding, noting that appellate court's general power to reform judgment does not depend on party's request or trial objection and. that "it is universally known that judgments in criminal cases, unlike those in civil cases, are generally prepared by clerks or other court personnel, and are not normally submitted to the parties for approval as to form. Often the parties learn of the judgment's recitations for the first time when the record is examined for appellate purposes and after the trial court has lost jurisdiction of the cause."), *modified on other grounds by Lockett v. State*, 874 S.W.2d 810, 818 (Tex. App.-Dallas 1994, pet. ref'd); *cf. also*

*French v. State,* 830 S.W.2d 607, 609 (Tex. Crim.App.1992) (adopting, over appellant's claim that State had waived right to seek reformation of judgment to add deadly-weapon finding by not objecting below, *Asberry*'s reasoning and affirming court of appeals's reformation that had added finding). We thus address the merits of this point of error.[1]

■ "On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court." TEX.CODE CRIM. PROC. art. 42.12, § 3g(a)(2) (Vernon Supp.2003). "[I]t is necessary for an affirmative [deadly-weapon] finding to be entered separately and specifically in the judgment of the court...." *Ex parte Brooks,* 722 S.W.2d 140, 142 (Tex.Crim. App.1986). Under that standard, the judgment must contain something more than, for example, the mere "recitation of the offense in the judgment with the words 'deadly weapon,' or 'firearm used,' or other similar phrases added to the offense for which the defendant is convicted." *Id.*

■ Each judgment included the standard Harris County affirmative deadly-weapon finding, which appeared separately from the recitation of the offense: "Affirmative finding: deadly weapon: yes (circled)." These findings were entered "separately and specifically" in the judgment and were more than mere "phrases added to the offense." *See Ex parte Brooks,* 722 S.W.2d at 142. The findings are thus not objectionable for the reason appellant argues.

We overrule point of error two.

### Modification of Deadly–Weapon Finding

The State asks us to modify the deadly-weapon finding in trial court cause number 879101 (appellate cause number 01–02–00137–CR) to reflect that a firearm was the deadly weapon used or exhibited.

The State relies on Code of Criminal Procedure article 42.12, section 3g, which states as follows: "On an affirmative finding under this subdivision, the trial court

---

1. Appellant was convicted of aggravated robbery. Being convicted of aggravated robbery makes a defendant ineligible for mandatory-supervision release and affects computation of time served for purposes of parole eligibility. TEX. GOV'T CODE ANN. §§ 508.145(d) (Vernon Supp.2003) (computation of time for parole eligibility for aggravated robbery) & 508.149(a)(12) (Vernon Supp.2003) (ineligibility for mandatory-supervision release for aggravated robbery). The inclusion of a deadly-weapon finding in a judgment of conviction has the same two effects. *Id.,* §§ 508.145(d) (computation of time for parole eligibility for offense with deadly-weapon finding), 508.149(a)(1) (ineligibility for mandatory-supervision release for offense with deadly-weapon finding). We address appellant's challenge to the deadly-weapon findings even though his aggravated-robbery convictions—even without deadly-weapon findings—render him ineligible for mandatory-supervision release and change his parole eligibility as shown above. *See id.* §§ 508.145(d), 508.149(a)(12). We do so because, as our

sister courts of appeals have explained, we cannot know all the collateral effects that a deadly-weapon finding, if improper, could have on a given defendant. *See Barnes v. State,* 62 S.W.3d 288, 302 (Tex.App.-Austin 2001, pet. ref'd) (addressing adequacy of deadly-weapon finding for defendant convicted of offense that itself affected parole eligibility because court could not determine effect of improper deadly-weapon finding on parole eligibility under parole board's guidelines); *Edwards v. State,* 21 S.W.3d 625, 627–28 (Tex. App.-Waco 2000, no pet.) (same, also reasoning that Code required correct entry of finding); *Rachuig v. State,* 972 S.W.2d 170, 179 (Tex.App.-Waco 1998, pet. ref'd) (same); *Enlow v. State,* 46 S.W.3d 340, 345 (Tex.App.-Texarkana 2001, pet. ref'd) (also noting possible effect if conviction with deadly-weapon finding admitted in any later trial), *cert. denied,* —— U.S. ——, 122 S.Ct. 2675, 153 L.Ed.2d 847 (2002); *see also* TEX. GOV'T CODE ANN. § 508.144(a) (Vernon 1998) (instructing parole board to develop guidelines based, in part, on seriousness of offense).

shall enter the finding in the judgment of the court. *On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment.*" TEX.CODE CRIM. PROC. art. 42.12, § 3g(a)(2) (emphasis added). The State interprets the italicized language to require, in cases in which the deadly weapon used or exhibited was a firearm, that the deadly-weapon finding also recite that the weapon was a firearm. *See id.; Hooks v. State,* 860 S.W.2d 110, 114 n. 7 (Tex.Crim. App.1993) (in dictum, stating, *"[T]o preclude probation* the judgment must reflect a separate and specific entry ... that the defendant used or exhibited a deadly weapon ..., and, *if it be a firearm, the judgment must contain that finding, as well.*") (emphasis added); *id.* at 112, n. 2; *Whatley v. State,* 946 S.W.2d 73, 76 n. 3 (Tex.Crim.App.1997) (in holding judgment not defective despite its not specifying that firearm was used, nonetheless noting, "The Code does require the judgment to designate the deadly weapon as a firearm if there is a finding that the deadly weapon was a firearm. [Art. 42.12,] § 3g(a)(2)."). The State seeks modification based on this reasoning.

Based on the statute's plain language, along with the Court of Criminal Appeals's apparent interpretation of that language in dictum, we agree that, in cases in which the deadly weapon is a firearm, section 3g(a)(2) of article 42.12 requires the deadly-weapon finding to recite not only that a deadly weapon was used or exhibited, but that the weapon was a firearm.

■■ "An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so....'" *Nolan v. State,* 39 S.W.3d 697, 698 (Tex.App.-Hous-

ton [1st Dist.] 2001, no pet.) (citing *Asberry,* 813 S.W.2d at 529–31); *see* TEX.R.APP. P. 43.2(b). This power includes adding a deadly-weapon finding to a judgment that erroneously omitted a factfinder's deadly-weapon finding and deleting a deadly-weapon finding that was erroneously entered in the judgment without a factfinder's first having made the finding. *See French,* 830 S.W.2d at 609 (adopting *Asberry's* reasoning to add such finding); *Ex parte Nino,* 659 S.W.2d 436, 437 (Tex. Crim.App.1983) (deleting finding); *Polk v. State,* 693 S.W.2d 391, 395–96 (Tex.Crim. App.1985) (deleting finding); *Asberry,* 813 S.W.2d at 529–31 (adding finding).

■ The record supports modification. The pertinent indictment alleged that appellant used or exhibited a firearm, which was a deadly weapon. Appellant stipulated that the indictment's allegations were true and that he committed the acts alleged. The PSI showed that the only weapon that appellant used in this offense was a shotgun. At the punishment hearing, the trial court first noted appellant's use of a gun, then stated that the court was making "an affirmative finding of a deadly weapon on each case." Although the trial court's actual finding was phrased in the general terms of "deadly weapon," the trial court must have meant that that weapon was a firearm, given the state of the record. The trial court entered deadly-weapon findings in both judgments, although the court omitted reciting in one of the judgments that the deadly weapon was a firearm.

■ Accordingly, we grant the State's request to modify the judgment in trial court cause number 879101 (appellate cause number 01–02–00137–CR) to reflect that a firearm was the deadly weapon used or exhibited. *See* TEX. P.APP. P. 43.2(b).[2]

---

2. The omission of the term "firearm" from    the deadly-weapon finding in this judgment

## Conclusion

We affirm the judgment in trial court cause number 879100 (appellate cause number 01–02–00136–CR). We modify the judgment in trial court cause number 879101 (appellate cause number 01–02–00137–CR) to add to the deadly-weapon affirmative finding that the weapon was a firearm, and we affirm the judgment as so modified.

does not render the judgment defective or compromise the conviction. *See Whatley v. State,* 946 S.W.2d 73, 76 (Tex.Crim.App.1997) (in case in which firearm was the deadly weapon used or exhibited, holding, "[W]e see nothing in Article 42.12 of the Code of Criminal Procedure to require the judgment to denote the specific type of weapon involved."). Nonetheless, we modify the judgment to recite a matter required by the Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 42.01, § 1(21) (Vernon Supp.2003) ("The judgment should reflect: ... [a]ffirmative findings entered pursuant to Subdivision (2) of Subsection (a) of Section 3g of Article 42.12 of this code...."); *id.* art. 42.12, § 3g(a)(2) (Vernon Supp.2003) ("On an affirmative finding under this subdivision, the trial court *shall* enter the finding in the judgment of the court.") (emphasis added); *see also id.* art. 37.12 (Vernon 1981) (requiring entry of "proper judgment" upon conviction

or acquittal). Given that we remedy the omission by modification, and given that neither party has briefed the omission's possible collateral effects, we do not decide whether the finding's lack of the term "firearm" could somehow affect whether that finding could be considered in calculating appellant's parole eligibility. *Compare Ex parte Brooks,* 722 S.W.2d 140, 142 (Tex.Crim.App.1986) (instructing parole board to calculate appellant's parole eligibility without the effect of a deadly-weapon finding because no such affirmative finding was separately entered in judgment); *Enlow,* 46 S.W.3d at 344 (noting that entry of deadly-weapon finding when factfinder has made no such finding improperly and detrimentally affects defendant's parole eligibility); *Ex parte Nino,* 659 S.W.2d 436, 437 (Tex.Crim.App.1983) (same); *see also* Tex. Gov't Code Ann. § 508.145(d) (Vernon Supp. 2003) (computation of time for parole eligibility for offense with deadly-weapon finding).