Opinion issued June 22, 2006





 





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00171-CR




TIMOTHY SCRANTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 993317



 MEMORANDUM OPINION

          A jury found appellant, Timothy Scranton, guilty of possession of cocaine
weighing more than one gram and less than four grams. See Tex. Health & Safety
Code Ann. § 481.115(a), (c) (Vernon 2003). The trial court, having found true the
enhancement allegations that appellant previously had been convicted of the felony
of possession of a controlled substance and the felony of delivery of a controlled
substance,


 assessed his punishment at 27 years in prison. We address whether the
trial court erred by failing to conduct a Faretta


 hearing on appellant’s request for self-representation. Although we answer that question in the negative, we nonetheless
modify the judgment of the trial court and affirm the judgment as modified.
                    Background
          Appellant requested appointment of court-appointed counsel on July 6, 2004. 
The trial court appointed counsel on July 8, 2004. Thereafter, appellant filed 17 pro
se motions, including a motion for self-representation and daily law library access
filed on January 18, 2005. On December 27, 2004, appellant filed a motion to have
rulings made on all motions filed by him. However, this motion was filed prior to
appellant’s motion for self-representation and daily law library access.
          On February 9, 2005, the trial court conducted a pretrial hearing, at which
appellant was present. At the hearing, the State moved to abandon the intent-to-deliver element of the possession-of-a-controlled-substance charge and offered a plea
bargain to appellant. The trial court granted the State’s motion to abandon the intent-
to-deliver element in the indictment. No mention of appellant’s previously filed pro
se motions was made during the February 9 hearing. On February 11, 2005, voir dire
of a panel of prospective jurors was conducted, and the jury was selected. No mention
was made of appellant’s previously filed pro se motions during the February 11
proceeding. On February 14, 2005, appellant was arraigned outside the presence of
the jury, and he entered a plea of not guilty. The trial court asked whether there was
anything else that needed to be considered before the jury was brought back into the
courtroom. Appellant’s counsel stated, “No, Your Honor,” and appellant said nothing
at that time. The jury was brought back into the courtroom and sworn. Thereafter, the
case proceeded to trial, and, at trial, appellant was represented by a court-appointed
attorney. During trial, appellant did not himself or through his court-appointed
attorney request that he be allowed to represent himself. 
          On February 15, 2005, appellant filed a pro se motion for new trial, which was
not presented to or ruled on by the trial court. On March, 15, 2005, appellant’s court-appointed attorney filed an amended motion for new trial, alleging that appellant’s pro
se motion for self-representation had not been ruled on and that a Faretta hearing had
not been held by the trial court. The amended motion for new trial included a signed
certificate of service, but it did not indicate to whom service had been made. Nothing
in the record indicates that the amended motion for new trial was presented to or ruled
upon by the trial court.
Right to Self-Representation
          In his sole point of error, appellant contends that “[t]he trial court erred when
it failed to conduct a hearing on the Appellant’s request for self representation under
[Farretta].”
          The Sixth and Fourteenth Amendments


 guarantee that a criminal defendant
brought to trial in any state or federal court have the right to self-representation. 
Faretta v. Cal., 422 U.S. 806, 818–20, 95 S. Ct. 2525, 2532–33 (1975); Moore v.
State, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999). Likewise, the Texas Constitution
provides that in all criminal prosecutions, the accused shall “have the right of being
heard by himself or counsel, or both.” Tex. Const. art. I, § 10. However, the right
to self-representation does not attach until it is “clearly and unequivocally” asserted. 
Scarborough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). The right must also
be asserted in a timely manner, namely, before a jury is empaneled. McDuff v. State,
939 S.W.2d 607, 619 (Tex. Crim. App. 1997). 
          Although appellant filed a pro se motion seeking self-representation, it was not
presented to or ruled on by the trial court. There was no objection by appellant to the
trial court’s failure to hold a Faretta hearing until after the conclusion of appellant’s
jury trial. Accordingly, appellant has not preserved this error for appeal. See Tex. R.
App. P. 33.1(a).
          We thus overrule the sole point of error. 
Modification of Judgment
          In its brief on appeal, the State points out that there is a conflict between the oral
pronouncement of sentence in open court and the written judgment. On the record,
appellant pleaded true to the enhancement paragraphs, which alleged that appellant
had been convicted of two prior felonies. The trial court orally found each of the
enhancement paragraphs true. The judgment, however, does not reflect the trial
court’s findings of true. In the section of the judgment relating to “Plea to
Enhancement[s]” and “Findings on Enhancement(s),” the preprinted letters “N/A” are
circled on the written judgment.
          When the oral pronouncement of the sentence in open court conflicts with the
written judgment, the oral pronouncement controls. Thompson v. State, 108 S.W.3d
287, 290 (Tex. Crim. App. 2003). The solution in such a case is to modify the written
judgment to conform to the sentence that was orally pronounced in open court. Id.;
see Ex parte Madding, 70 S.W.3d 131, 137 (Tex. Crim. App. 2002) (modifying written
judgment to reflect oral pronouncement of sentence). An appellate court has the
power to correct a trial court’s written judgment if the appellate court has the
information necessary to do so. Cobb v. State, 95 S.W.3d 664, 668 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). This power does not depend upon a party’s
calling the error to the court’s attention or raising the issue on appeal. See French v.
State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of Asberry
v. State, 813 S.W.2d 526, 531(Tex. App.—Dallas 1991, pet. ref’d) (concluding that
authority to reform incorrect judgment “is not dependent upon a request by either
party”)).      
          The written judgment is incorrect because it does not reflect the findings of true
on the enhancement paragraphs. Moreover, without the findings of true on the
enhancement paragraphs, the 27-year sentence is outside the statutorily authorized
range of punishment for a third-degree felony. See Tex. Health & Safety Code
Ann. § 481.115(a), (c) (classifying possession of more than one gram and less than
four grams of a controlled substance as third-degree felony); Tex. Pen. Code Ann. §
12.34 (Vernon 2003) (setting sentence from two to 10 years for third-degree felony);
id. § 12.42(d) (Vernon Supp. 2005) (stating that if it is shown at trial for felony
offense that defendant has been previously convicted of two felony offenses,
punishment range is from 25 to 99 years or life in prison). Because the oral
pronouncement controls over the written judgment, we have the information necessary
to correct the written judgment of the trial court. We therefore modify the judgment
to conform to the trial court’s oral finding of “true” on the enhancement paragraphs
alleged.

                                                                                  Conclusion
          We modify the judgment of the trial court to conform to the trial court’s oral
findings of “true” on the enhancement paragraphs. As modified, we affirm the
judgment of the trial court.                                                                                                                                                                                                                               
 
 
                                                             Tim Taft
                                                             Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia.

Do not publish. See Tex. R. App. P. 47.2(b).