In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-221 CR


 ______________________


 

KATHRYN COMISKY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 90564






MEMORANDUM OPINION
 

 Without a plea bargain, appellant Kathryn Comisky pled guilty to possessing a
weapon in a prohibited place. See Tex. Pen. Code Ann. § 46.03 (Vernon Supp. 2006). The
trial court found the evidence sufficient to substantiate Comisky's guilt, but deferred further
proceedings, placed Comisky on community supervision for ten years, and assessed a $1,000
fine. The State filed a motion to revoke. Comisky pled "true" to violating two conditions
of her community supervision. The trial court found that Comisky violated the terms, found
Comisky guilty of possessing a weapon in a prohibited place, and assessed punishment at ten
years of confinement. Although the trial court did not indicate at the sentencing hearing that
it intended to enter an affirmative finding on the use of a deadly weapon, its judgment
adjudicating Comisky's guilt included a finding that she used or exhibited a deadly weapon. 

 In this appeal, Comisky asserts the trial court erred by entering an affirmative finding
regarding the use or exhibition of a deadly weapon, and she asks this Court to modify the trial
court's judgment by deleting that finding. (1) The State concedes error and joins Comisky's
request that we modify the trial court's judgment to delete the finding. (2) 

 The Court of Criminal Appeals has held that to "use" a deadly weapon for purposes
of an affirmative finding, the defendant must use the weapon while committing a felony
offense that is separate and distinct from a possession of the weapon offense. Narron v.
State, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992). In this case, Comisky did not use the
weapon in furtherance of any collateral felony. See id. The sole charge against Comisky
was possession of a gun on the premises of a public school. The trial court lacked
authorization to enter an affirmative finding of use or exhibition of a deadly weapon. See id. 
Accordingly, we modify the trial court's judgment to delete the affirmative finding. We
affirm the trial court's judgment as modified.

 AFFIRMED AS MODIFIED.


 _________________________________

 DAVID GAULTNEY 

 Justice


Submitted on July 12, 2007 

Opinion Delivered September 26, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Comisky's brief also refers to a separate trial court proceeding, which was docketed
as trial court cause number 97007. Comisky's notice of appeal referenced only the trial court
cause number of the case in which she was charged with possession of a gun in a prohibited 
area. No other case is properly before this Court. 
2. The State does not assert that Comisky failed to preserve error. See Cobb v. State,
95 S.W.3d 664, 666 (Tex. App.--Houston [1st Dist.] 2002, no pet.); see also French v. State,
830 S.W.2d 607, 609 (Tex. Crim. App. 1992).