Affirmed as Reformed and Memorandum Opinion filed March 26, 2009








Affirmed as
Reformed and Memorandum Opinion filed March 26, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00604-CR

____________

 

DOMINIQUE DENARD GOOCH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
114th District Court

Smith County,
Texas

Trial Court Cause
No. 114-1079-07

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a guilty plea to possession of a controlled substance.  After a
punishment hearing to a jury on April 1, 2008, appellant was sentenced to
confinement for life in the Institutional Division of the Texas Department of
Criminal Justice and assessed a $10,000 fine.  In his sole issue on appeal,
appellant asserts that the trial court erred by including a finding in the
judgment on an abandoned enhancement paragraph.  We affirm the judgment as
reformed.

 








The
indictment in this case included the following enhancement paragraph:

And it is
further presented in and to said Court that, prior to the commission of the
aforesaid offense, on the 26th day of July, 1999, in cause number F-9843321-PU
in the 291st Judicial District Court of Dallas County, Texas, the defendant was
convicted of the felony offense of Aggravated Assault.

 

This language is
crossed-out and marked Aabandoned.@  In addition, the Stated informed the court when presenting
the indictment to the jury, AJudge, that=s abandoned . . . there is no enhancement . . . .@  Therefore, the enhancement was
properly removed from the indictment.  See Ex parte Preston, 833 S.W.2d
515, 517 (Tex. Crim. App. 1992).  Appellant was not asked to plead to the
enhancement allegation and it was not submitted to the jury.  In its oral
pronouncement of sentence, the trial court did not mention the enhancement. 
Nonetheless, the trial court=s written judgment stated:

IT IS THE
ORDER OF THE COURT, that said Defendant, who has been adjudged to be guilty of
POSSESSION OF A CONTROLLED SUBSTANCE, AND IT IS FURTHER PRESENTED IN AND TO
SAID COURT THAT , PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE, ON THE 28TH
DAY OF JULY, 1999, IN CAUSE NUMBER F-9843321-PU IN THE 291ST JUDICIAL DISTRICT
COURT OF DALLAS COUNTY, TEXAS, THE DEFENDANT WAS CONVICTED OF THE FELONY
OFFENSE OF AGGRAVATED ASSAULT . . . . 

 

When
there is a variance between the oral pronouncement of sentence and the written
memorialization of the sentence in the judgment, the oral pronouncement
controls.  Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); 
Bargas v. State, 252 S.W.3d 876, 903 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
An appellate court may correct a trial court=s judgment to conform to its oral
pronouncement.  Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App.
2003); see, e.g., Cobb v. State, 95 S.W.3d 664, 668 (Tex. App.CHouston [1st Dist.] 2002, no pet.)
(reforming judgment to reflect that a firearm was used as a deadly weapon).








Appellant
requests that we reform the trial court=s judgment to reflect that there was
no enhancement.  The State filed a response to appellant=s brief, conceding that the written
judgment fails to correctly reflect that the enhancement paragraph in the
indictment was abandoned.  Therefore, the State joined appellant in requesting
that we reform the judgment. 

According,
appellant=s sole issue is sustained.  We reform the judgment to reflect  that there
is no enhancement, and, as reformed, we affirm the judgment.

 

PER
CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore. 

Do not publish C Tex.
R. App. P. 47.2(b).