# NO. 12-10-00361-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVE WARREN,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Steve Warren appeals his conviction for indecency with a child, for which he was sentenced to imprisonment for twenty-five years. In one issue, Appellant argues that the trial court's written judgment does not reflect his plea of "not true" to the second enhancement allegation in the indictment. We modify and, as modified, affirm.

## BACKGROUND

Appellant was charged by indictment with indecency with a child and pleaded "not guilty." The indictment further alleged that Appellant had twice been previously convicted of a felony. The matter proceeded to a bench trial, following which the trial court found Appellant "guilty" as charged.

Prior to his trial on punishment, Appellant pleaded "true" to the first enhancement allegation and "not true" to the second enhancement allegation. Following the presentation of evidence, the trial court found both enhancement allegations to be "true" and sentenced Appellant to imprisonment for twenty-five years. This appeal followed.

### VARIANCE BETWEEN WRITTEN JUDGMENT AND PLEA TO ENHANCEMENT

In his sole issue, Appellant argues that the trial court's written judgment does not reflect his plea of "not true" to the second enhancement allegation in the indictment and should be modified. The State agrees.

An appellate court has the power to correct and reform a trial court judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.–Houston [1st Dist.] 2002, no pet.). Here, the record reflects that, prior to his trial on punishment, Appellant pleaded "true" to the enhancement allegation that he had been previously convicted of arson, but "not true" to the second enhancement allegation that he had been previously convicted of injury to a child. However, the trial court's written judgment indicates that Appellant pleaded "true" to the "enhancements." Accordingly, we hold that the judgment should be modified to accurately reflect Appellant's plea of "not true" to the second enhancement allegation. Appellant's sole issue is sustained.

### CONCLUSION

We have sustained Appellant's sole issue. Having done so, we ***modify*** the trial court's judgment by deleting the notation that Appellant pleaded "true" to the "enhancements" and substitute a notation that Appellant pleaded "true" to the enhancement allegation that he had been previously convicted of arson and pleaded "not true" to the enhancement allegation that he had been previously convicted of injury to a child. We ***affirm*** the trial court's judgment as modified.

**SAM GRIFFITH**
Justice

Opinion delivered August 17, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2