NO.
12-10-00361-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

STEVE
WARREN,                                             §                 APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Steve
Warren appeals his conviction for indecency with a child, for which he was
sentenced to imprisonment for twenty-five years.  In one issue, Appellant
argues that the trial court’s written judgment does not reflect his plea of
“not true” to the second enhancement allegation in the indictment.  We modify
and, as modified, affirm.

 

Background

            Appellant
was charged by indictment with indecency with a child and pleaded “not
guilty.”  The indictment further alleged that Appellant had twice been
previously convicted of a felony.  The matter proceeded to a bench trial,
following which the trial court found Appellant “guilty” as charged.  

Prior
to his trial on punishment, Appellant pleaded “true” to the first enhancement
allegation and “not true” to the second enhancement allegation.  Following the
presentation of evidence, the trial court found both enhancement allegations to
be “true” and sentenced Appellant to imprisonment for twenty-five years.  This
appeal followed.

 

 

Variance
Between Written Judgment and Plea to Enhancement

In
his sole issue, Appellant argues that the trial court’s written judgment does
not reflect his plea of “not true” to the second enhancement allegation in the
indictment and should be modified.  The State agrees.  

An
appellate court has the power to correct and reform a trial court judgment to
make the record “speak the truth” when it has the necessary data and
information before it to do so.  Cobb v. State, 95 S.W.3d 664,
668 (Tex. App.–Houston [1st Dist.] 2002, no pet.).  Here, the record reflects
that, prior to his trial on punishment, Appellant pleaded “true” to the
enhancement allegation that he had been previously convicted of arson, but “not
true” to the second enhancement allegation that he had been previously
convicted of injury to a child.  However, the trial court’s written judgment
indicates that Appellant pleaded “true” to the “enhancements.”  Accordingly, we
hold that the judgment should be modified to accurately reflect Appellant’s
plea of “not true” to the second enhancement allegation.  Appellant’s sole
issue is sustained.

 

Conclusion

            We
have sustained Appellant’s sole issue.  Having done so, we modify
the trial court’s judgment by deleting the notation that Appellant pleaded
“true” to the “enhancements” and substitute a notation that Appellant pleaded
“true” to the enhancement allegation that he had been previously convicted of
arson and pleaded “not true” to the enhancement allegation that he had been
previously convicted of injury to a child.  We affirm the trial
court’s judgment as modified.

 

                                                                             Sam
Griffith

                                                                                                     
Justice

 

 

 

Opinion
delivered August 17, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)