# NO. 12-13-00322-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM ALLEN PENDERGRASS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

William Pendergrass appeals his conviction for the offense of prohibited substance in a correctional facility. He raises one issue on appeal relating to the trial court's order of withholding. We modify the judgment of the trial court and affirm as modified.

## BACKGROUND

Appellant was indicted for taking a controlled substance, namely, marijuana, into the Smith County Jail. Appellant pleaded guilty to the offense and was placed on community supervision for a period of four years. A hearing was held on the State's first amended application to revoke Appellant's community supervision, and Appellant pleaded "true" to six of the State's allegations. The trial court found seven of the State's allegations to be "true," revoked Appellant's community supervision, and sentenced Appellant to ten years of imprisonment. This appeal followed.

## TRIAL COURT'S ORDER TO WITHDRAW FUNDS

As his sole issue on appeal, Appellant contends that the trial court erred in ordering funds to be withheld from his inmate trust account because the amount is not supported by a proper bill of costs.

**Standard of Review and Applicable Law**

An inmate is entitled to notice and an opportunity to be heard when the State attempts to withdraw funds from an inmate's trust account, but neither needs to occur before the funds are withdrawn. *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) (citing *Harrell v. State*, 286 S.W.3d 315, 319-21 (Tex. 2009)). Court costs listed in a certified bill of costs need neither be orally pronounced nor incorporated by reference in the judgment to be effective. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).

If the record on appeal does not include a bill of costs, one can be prepared and added to the record in a supplemental clerk's record. *Id.* at 392. When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. *See id.* at 390.

**Discussion**

After Appellant filed his brief, the record was supplemented with a bill of costs that was filed on January 28, 2013, and an amended bill of costs that was filed on March 26, 2014. The remaining balance of the amended bill of costs is different from the balance specified in the trial court's order to withdraw funds, but Appellant does not challenge a specific cost or basis for the assessment of a particular cost.[1] Absent such a challenge, the bill of costs and amended bill of costs are sufficient to support the trial court's order to withdraw funds in this case. *See id*. at 396. Accordingly, we overrule Appellant's sole issue on appeal.

**ERROR IN THE JUDGMENT**

In reviewing the record, we note that the judgment reflecting Appellant's revocation contains a clerical error not raised by either party. An appellate court has the power to correct and reform a trial court's judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *Harris v. State*, No. 12-12-00398-CR, 2013 WL 3967744, at *4 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

---

[1] The difference in the amounts reflected in the order to withdraw funds and the amended bill of costs reflects payments made during the pendency of this appeal, which is permissible. *See Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) (citing *Harrell v. State*, 286 S.W.3d 315, 319-21 (Tex. 2009)).

Our authority to reform incorrect judgments is not dependent on the request of any party. *See Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

Here, the judgment is identified as "Judgment Adjudicating Guilt." It is clear from the record that Appellant was not placed on deferred adjudication community supervision. Because Appellant had previously been found guilty and placed on community supervision in this case, the correct name of the judgment should read "Judgment Revoking Community Supervision."

## DISPOSITION

We have overruled Appellant's sole issue on appeal, but have found an error in the judgment. Accordingly, we *modify* the trial court's judgment to replace "Judgment Adjudicating Guilt" with "Judgment Revoking Community Supervision." We *affirm* the judgment of the trial court *as modified*. *See* TEX. R. APP. P. 43.2(b).

BRIAN HOYLE
Justice

Opinion delivered June 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2014**

**NO. 12-13-00322-CR**

**WILLIAM ALLEN PENDERGRASS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0571-11)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to replace "Judgment Adjudicating Guilt" with "Judgment Revoking Community Supervision"; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*