# NO. 12-13-00352-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILBURN RAY WHITMILL,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 217TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Wilburn Ray Whitmill appeals his conviction of aggravated assault. He raises one issue on appeal, challenging the sufficiency of the evidence. We modify and affirm as modified.

### BACKGROUND

An Angelina County grand jury indicted Appellant for the offense of aggravated assault and alleged that a deadly weapon was used or exhibited during the commission of the assault. The indictment also included two enhancement paragraphs, alleging that Appellant had two prior felony convictions. Appellant pleaded "not guilty," and a bench trial was held. Following the trial court's finding of guilt, Appellant pleaded true to the enhancement paragraphs and a presentence investigation was conducted. Ultimately, the trial court assessed punishment at twenty-five years of imprisonment with no fine. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends there is insufficient evidence to show that a deadly weapon was used or exhibited to support his conviction for aggravated assault with a deadly weapon. Specifically, Appellant contends that the knife introduced into evidence fails to satisfy the definition of "deadly weapon" as set forth in Section 1.07(17) of the Texas Penal Code.

**Standard of Review**

Under the single sufficiency standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *see also* *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured by the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Because Appellant's sole contention is that the State failed to prove the deadly weapon element, we limit our analysis to whether Appellant "used or exhibited a deadly weapon, to wit: a knife, during the commission of [the] assault."

**Applicable Law**

An individual is guilty of aggravated assault if he commits assault as defined in Section 22.01 of the penal code and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).[1] A "deadly weapon" means

> (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
> (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX. PENAL CODE ANN. § 1.07(17) (West Supp. 2013).

When the purported deadly weapon is a knife, there must be some evidence describing the physical characteristics of the knife or other evidence to allow the conclusion that the knife is a

---

[1] A person commits an assault if the person

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2013).

deadly weapon. *See **Blain v. State***, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983) ("In determining the deadliness of a weapon[,] the jury may consider all of the facts of a case. . . ."). This is because a knife is not a deadly weapon per se. *See* TEX. PENAL CODE ANN. § 1.07(17)(A); ***Robertson v. State***, 163 S.W.3d 730, 732 (Tex. Crim. App. 2005) ("[D]escribing an object generically as a 'knife' does not by itself establish the object as a deadly weapon by 'design' because many types of knives have an obvious other purpose (e.g. butcher knives, kitchen knives, utility knives, straight razors, and eating utensils)."); ***Sledge v. State***, No. 12-11-000026-CR, 2012 WL 3104392, at \*3 (Tex. App.—Tyler July 31, 2012, pet. ref'd) (mem. op., not designated for publication).

Subsection (17)(B)'s definition encompasses conduct that threatens deadly force, even if the actor has no intention of actually using deadly force because it defines a deadly weapon as an object "capable of causing death or serious bodily injury." *See **McCain v. State***, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). We have held that a knife was a deadly weapon where the testimony showed it was used "in such a manner as to convey a threat of serious bodily injury" if the victim did not comply with the instructions of the person wielding the knife. ***Sledge***, 2012 WL 3104392, at \*3 (citing ***In re D.L.***, 160 S.W.3d 155, 166 (Tex. App.—Tyler 2005, no pet.)).

The state may establish that a knife is capable of causing death or serious bodily injury through testimony about (1) the knife's size, shape, and sharpness; (2) the knife's life-threatening capabilities; (3) the manner in which the knife was used; (4) the words spoken by the defendant; (5) the physical proximity between the victim and the knife; and (6) the nature of any wounds caused by the knife. ***Rivera v. State***, 271 S.W.3d 301, 304 (Tex. App.—San Antonio 2008, no pet.). Whether a particular knife is a deadly weapon depends on the evidence. ***Id.*** at 305.

**Discussion**

The victim in this case is forty-eight-year-old Toran Justice. He testified that during the late night hours of December 19, 2012, he came to the aid of Courtney Hale, Appellant's fiancé, who was outside yelling for help. As Justice ran outside, he could hear Courtney and Appellant yelling. He saw Appellant pulling Courtney from the top of her shirt and Courtney was trying to "go the other way." He also heard Appellant saying to Courtney, "Are you coming with me? You're going this way. You're not going—you're not going back over there. You're not going back over there."

3

When Courtney saw Justice, she asked him to help her and to get Appellant "off of her." Justice got between the two and started directing Courtney to his house. Appellant told Justice to "mind [his] own business," and continued to "pull" on Courtney, trying to stop her from going to Justice's house. Appellant then retrieved a folding knife out of his back pocket and began "waving it around, [and] making threats." Although Justice was not precise regarding his proximity to the knife, he testified that he was between Courtney and Appellant when Appellant began wielding the knife with his right hand and hitting Courtney with his left hand. Thus, Justice was within Appellant's reach.

Despite Justice's attempts to shield Courtney from Appellant's blows, she sustained two deep scratch marks on her neck, and Justice was "stuck" in the palm by Appellant's knife. Justice testified that he did not realize he was injured until he got home and noticed blood running down his hand. Although his injury appeared to be small, Justice testified that his hand hurt for three to four days. A photograph of Justice's injury was admitted into evidence and confirmed that his injury was minor.

Officer Jason Vance with the Lufkin Police Department testified that Justice's injury was consistent with being struck by a "blunt" object—not being struck with the point of a typical knife. The knife that caused Justice's injury was admitted as State's exhibit 2, and was included in the appellate record for review. State's exhibit 2 is a folding knife with a wooden handle and metal on each end. When the knife is unfolded, its total length is approximately eight inches. The blade of the knife is silver in color and measures approximately three and one-half inches long and three-quarters of an inch wide (at its widest point). The tip of the blade appears to have been broken off, and the end of the blade does not come to a point.

Justice testified that he did not notice the tip of the knife was broken when Appellant was waving it around. Detective Clay Vanemon with the Lufkin Police Department recovered the folding knife from Appellant upon his arrest. Detective Vanemon confirmed that State's exhibit 2 was the same knife he recovered from Appellant's pocket. When asked whether a knife like State's exhibit 2 would be capable of causing serious bodily injury, Vanemon confirmed that it would.[2] Vanemon's testimony was based on the following hypothetical:

---

[2] "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. §1.07(46) (West Supp. 2013).

> If an individual has a knife like Exhibit 2 in their hand, they're waving it around, point forward, as they're attempting to strike somebody with their left hand over a person who's attempting to protect that person that's being struck by the knife-wielder with his left hand . . . would this knife, Exhibit 2 or one like it, be capable of causing serious bodily injury in the hypothetical scenario I gave you?

Detective Vanemon responded that the knife would be capable of causing serious bodily injury to both individuals described in the hypothetical.

Although Appellant's use of the knife in this case resulted in only a "minor injury," the circumstances of the assault support the conclusion that the knife was used or exhibited as a deadly weapon. *See Hooper*, 214 S.W.3d at 13. Appellant displayed the knife and began waving it around after Justice failed to comply with Appellant's instruction to "mind his own business." Appellant's wielding of the knife, his continued assault of Courtney over Justice, and Justice's actual injury by the knife support the inference that Appellant exhibited the knife to threaten serious bodily injury to both Justice and Courtney. *See Rivera*, 271 S.W.3d at 304-05; *Sledge*, 2012 WL 3104392, at *3. Appellant's injury, when viewed in light of the knife's physical properties and Detective Vanemon's testimony that the knife was capable of causing serious bodily injury in the way in which Appellant used it, further supports the conclusion that Appellant used or exhibited a deadly weapon during the commission of the assault. *See* TEX. PENAL CODE ANN. § 1.07(17)(B); *McCain*, 22 S.W.3d at 503. The evidence is sufficient to support Appellant's conviction for aggravated assault. *See Brooks*, 323 S.W.3d at 902. Accordingly, we overrule Appellant's sole issue.

### ERROR IN THE JUDGMENT

In reviewing the record, we note that the judgment reflecting Appellant's conviction contains a clerical error that is raised by the State. An appellate court has the power to correct and reform a trial court's judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *Harris v. State*, No. 12-12-00398-CR, 2013 WL 3967744, at *4 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Here, the judgment states that the "Plea to Offense" was "Guilty." However, Appellant pleaded "not guilty," and a trial before the court was held. Thus, the "Plea to Offense" should read "Not Guilty."

**DISPOSITION**

We have overruled Appellant's sole issue on appeal, but we have also concluded that there is error in the judgment. Therefore, we *modify* the judgment to replace "Guilty" with "Not Guilty" in the "Plea to Offense" portion, and *affirm* the judgment of the trial court *as modified*.

**BRIAN HOYLE**
Justice

Opinion delivered July 9, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 9, 2014**

**NO. 12-13-00352-CR**

**WILBURN RAY WHITMILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0030)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to replace "Guilty" with "Not Guilty" in the "Plea to Offense" portion of the judgment; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*