

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-14-00262-CR
No. 07-14-00263-CR

———————————————

ROBERT EARL JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 67,275-E & 67,276-E; Honorable Douglas R. Woodburn, Presiding

July 17, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following pleas of not guilty, Appellant, Robert Earl Jackson, was convicted by a jury of separate offenses of sexual assault of a child and sentenced to twenty years confinement and a $10,000 fine in trial court cause numbers 67,275-E and 67,276-E.[1]

---

[1] TEX. PENAL CODE ANN. § 22.011(a)(2)(B), § 22.011(a)(2)(A) (West 2011). The offenses are second degree felonies, *id.* at 22.011(f), punishable for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. *Id.* at § 12.33.

The trial court ordered the sentences to run consecutively.[2]  Presenting a sole issue, Appellant asserts the trial court abused its discretion and deprived him of due process and equal protection of law when, at the conclusion of the punishment phase, it instructed the jury that he had a burden to show by a preponderance of the evidence that he had not been previously convicted of a felony.  We affirm.

## BACKGROUND

Because Appellant only challenges the punishment phase of his trial, only a brief recitation of the facts is necessary.  Appellant and his wife were hired as family teachers at the Presbyterian Children's Home where the victim, a fifteen-year-old female, resided.  Appellant and the victim had been involved in a six-week relationship when she made an outcry that he had sexually assaulted her at a motel on June 5, 2013.  The authorities were contacted and an investigation resulted in Appellant's arrest and convictions.

Appellant filed a written sworn motion for jury recommended community supervision pursuant to article 42.12, section 4(e) of the Texas Code of Criminal Procedure.  After presentation of testimony during the punishment phase of trial, the State objected to submitting verdict forms that included community supervision for consideration by the jury because it contended Appellant had failed to present evidence that he had not previously been convicted of a felony in Texas or any other state.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(e) (West Supp. 2014).  Defense counsel argued that Appellant met the eligibility requirements for community supervision by filing his written sworn motion and that article 42.12, section 4(d) did not impose a burden of

---

[2] Although the judgment in cause number 67,275-E recites that the sentence runs concurrently, a review of the record clearly indicates that the trial judge ordered the sentences to run consecutively.

proof on Appellant to prove that he had no prior felony convictions. Over a specific objection by Appellant's counsel, the trial court submitted a charge that included an instruction placing a burden on the defendant to prove, by a preponderance of the evidence, his eligibility for community supervision.

**ANALYSIS**

Appellant argues error in the court's punishment charge for instructing the jury that he had a burden to show by a preponderance of the evidence that he had not been previously convicted of a felony in order to be eligible for community supervision. A defendant is eligible for community supervision if he files a written sworn motion with the judge that he has not previously been convicted of a felony in this or any other state and the jury enters in the verdict a finding that the information in the defendant's motion is true. Art. 42.12, § 4(e). Additionally, a defendant is not eligible for community supervision if he is sentenced to a term of imprisonment that exceeds ten years. *Id.* at § 4(d)(1).

In the underlying case, the trial court submitted to the jury verdict forms that contained an option for community supervision. The punishment charge also included the following paragraph which is the basis of Appellant's complaint:

> The defendant has filed his sworn motion for [community supervision] herein, alleging that he had never before been convicted of a felony in this State or any other State. To be eligible for [community supervision] the defendant must establish by a preponderance of the evidence that he has never been convicted of a felony in this state or any other state. The term preponderance of the evidence means the greater weight and degree of credible evidence before you and admitted in this case.

3

We find that the complained of error, if any, in the court's charge during the punishment phase of trial to be harmless. TEX. R. APP. P. 44.2(b). The alleged error did not have a substantial or injurious effect or influence on the jury's verdict. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). This is so because the jury imposed a sentence greater than ten years, rendering Appellant ineligible for community supervision under any circumstances. In fact, Appellant was assessed the maximum sentence and maximum fine allowed by law. Appellant's sole issue is overruled.

### MODIFICATION OF JUDGMENT

The judgment in cause number 67,275-E includes two clerical errors. First, the summary portion of the judgment entitled Statute for Offense reflects that Appellant was convicted of violating section 22.011(a)(2)(A) of the Texas Penal Code, criminalizing penetration of a child's sexual organ by any means. Based on the indictment, the correct statute is section 22.011(a)(2)(B) which criminalizes penetration of the child victim's mouth. Penetration of the child victim's sexual organ was the charge in cause number 67,276-E.

Second, the judgment reflects that Appellant's twenty-year sentence and $10,000 fine in cause number 67,275-E shall run "concurrently" with his twenty-year sentence and $10,000 fine in cause number 67,276-E.[3] The record reflects that after the jury returned its punishment verdicts, the State moved for the trial court to stack the sentences. The motion was granted and the trial court announced the "two cases will run consecutively." Therefore, the provision in the judgment in cause number 67,275-E that the "sentence shall run concurrently" is erroneous.

---

[3] The judgment in cause number 67,276-E reflects the sentence shall run consecutively and shall begin only when the judgment and sentence in cause number 67,275-E has ceased to operate.

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). *See also Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellate courts have the power to modify whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to modify a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. We, therefore, modify the judgment in cause number 67,275-E to reflect the <u>Statute for Offense</u> in the summary portion as "22.011(a)(2)(B)" and also to reflect the judgments in cause number 67,275-E and 67,276-E as running consecutively.

CONCLUSION

As modified, the trial court's judgments are affirmed.


Patrick A. Pirtle
Justice


Do not publish.