# NOS. 12-22-00177-CR
# 12-22-00178-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **BRODERICK DARNELL WILLIS, APPELLANT** | § | **APPEAL FROM THE 114TH** |
| **V.** | § | **JUDICIAL DISTRICT COURT** |
| **THE STATE OF TEXAS, APPELLEE** | § | **SMITH COUNTY, TEXAS** |

## *MEMORANDUM OPINION*

Broderick Darnell Willis appeals two convictions for aggravated assault with a deadly weapon. In two issues, Appellant argues that (1) there is a clerical error in the judgments that inaccurately reflect that he pleaded "not true" to the enhancement allegation in the indictments, and (2) he was improperly assessed court costs in one of the underlying cases. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by separate indictments with two counts of aggravated assault with a deadly weapon. Appellant pleaded "guilty" to each charged offense without a plea agreement with the State. The State later filed notice that it intended to seek an enhanced range of punishment based on Appellant's prior felony conviction,[1] and the matter proceeded to a trial on punishment. The record does not reflect that Appellant entered a plea to the enhancement allegations. However, following the presentation of evidence, the trial court found the

---

[1] Although the State had not filed its enhancement notice at the time Appellant pleaded "guilty," the record reflects that the written plea admonishments signed by Appellant and his trial counsel set forth a punishment range for an enhanced second-degree felony.

enhancement allegations in each case to be "true" and sentenced Appellant to imprisonment for fifty years for each offense. This appeal followed.

## VARIANCE BETWEEN WRITTEN JUDGMENT AND PLEA TO ENHANCEMENT

In his first issue, Appellant argues that the trial court's written judgments should be modified because each set forth that he pleaded "not true" to the "1st Enhancement Paragraph" in each case when he, in fact, entered no such pleas. The State agrees.

An appellate court has the power to correct and reform a trial court judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.–Houston [1st Dist.] 2002, no pet.). Here, the record reflects that, prior to his trial on punishment, Appellant did not enter pleas to the enhancement allegations in either case. However, the trial court's written judgments each set forth that Appellant pleaded "not true" to the "1st Enhancement Paragraph." Accordingly, we hold that the judgment in each case should be modified to accurately reflect that Appellant did not enter pleas to the respective "1st Enhancement Paragraph[s]." Appellant's first issue is sustained.

## ASSESSMENT OF COURT COSTS WHEN MULTIPLE CASES TRIED TOGETHER

In his second issue, Appellant argues that the trial court erred in assessing court costs against him in one of the underlying cases. The State agrees.

In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant. TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). In such an action, the amount of court costs is determined according to the highest possible category of offense based on the defendant's convictions. *See id.* art. 102.073(b). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.–Waco 2016, no pet.); *see also Warren v. State*, No. 12-22-00005-CR, 2022 WL 4394559, at *6 (Tex. App.–Tyler Sept. 22, 2022, no pet.) (mem. op., not designated for publication).

The record in this case indicates that the allegations and evidence of both offenses were presented in a single plea proceeding or "criminal action." *See Hurlburt*, 506 S.W.3d at 203. Therefore, the trial court was authorized to assess each court cost and fee only once against

Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). Because each case's bill of costs lists the same fees, we hold that the trial court erred by assessing these fees twice against Appellant.[2] *See id.* Appellant's second issue is sustained.

## CONCLUSION

Having sustained Appellant's first issue, we *modify* the trial court's judgments in both causes by deleting the designation of Appellant's respective "not true" pleas to the "1st Enhancement Paragraph" and replacing them with the designation "none." Having sustained Appellant's second issue, we *modify* the trial court's judgment in trial court cause number 114-1169-21 by deleting the $251.50 assessment of court costs. We further *modify* Attachment A to the judgment - "Order to Withdraw Funds" in cause number 114-1169-21 by changing the "[c]ourt costs, fees, and/or fines and/or restitution . . . incurred" from $251.50 to $0.00. Lastly, we modify the Bill of Costs in cause number 114-1169-21 to reflect that no costs are assessed against or owed by Appellant in that cause. We *affirm* the trial court's judgments *as modified*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Because the two offenses of which Appellant was convicted are the same category of offense, court costs only should have been assessed against Appellant in the case with the lowest trial court cause number. *See Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.–Houston [1st Dist.] 2016), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017) (per curiam) (op., not designated for publication). Here, trial court cause number 114-1169-21, which is the subject of appellate cause number 12-22-00178-CR, is the higher of the two trial court cause numbers, and, thus, assessment of court costs in this case was erroneous.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 11, 2023**

**NO. 12-22-00177-CR**

**BRODERICK DARNELL WILLIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1168-21)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the designation of Appellant's respective "not true" plea to the "1st Enhancement Paragraph" and replace it with the designation "none;" in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 11, 2023**

**NO. 12-22-00178-CR**

**BRODERICK DARNELL WILLIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1169-21)

___

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to:

**1) delete** the designation of Appellant's respective "not true" plea to the "1st Enhancement Paragraph" and replace it with the designation "none;"

**2) delete** the $251.50 assessment of court costs;

**3) modify** Attachment A to the judgment - "Order to Withdraw Funds" by changing the "[c]ourt costs, fees, and/or fines and/or restitution . . . incurred" from $251.50 to $0.00; and

**4) modify** the Bill of Costs to reflect that no costs are assessed against or owed by Appellant in that cause.

In all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*