**Opinion issued January 24, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00448-CR

————————————

## VANIECIA LASHELLA CHARGOIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Court Cause No. 10-08201

## MEMORANDUM OPINION

Appellant, Vaniecia Lashella Chargois, pleaded guilty to the charge of felony theft, with an agreed recommendation from the State that adjudication be deferred, that appellant be placed on community supervision for 5 years, and that appellant pay a $500 fine. The trial court followed the recommendation, deferred

adjudication, placed appellant on community supervision for 5 years, and ordered appellant to pay a $500 fine. Subsequently, the State moved to adjudicate. Appellant pleaded "true" to one of the State's allegations, and the trial court found the allegation true, found appellant guilty, and assessed punishment at 2 years' confinement. The trial court's certified that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he has delivered a copy of the brief to appellant and has informed her of her right to examine the appellate record and to file a

2

response.  *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

The judgment contains a $500 fine that the trial court did not orally pronounce.  When the oral pronouncement of the sentence in open court conflicts with the written judgment, the oral pronouncement controls.  *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).  The solution in such a case is to modify the written judgment to conform to the sentence that was orally pronounced

3

in open court. *Id.* An appellate court has the power to correct a trial court's written judgment if the appellate court has the information necessary to do so. *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This power does not depend upon a party's calling an error to the court's attention or raising the issue on appeal. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). An appellate court may modify the judgment in an *Anders* case to reflect the judgment orally pronounced, affirm the judgment, and grant counsel's motion to withdraw. *See Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (granting counsel's motion to withdraw and affirming judgment as modified where judgment included fine that was not orally pronounced).

Therefore, the trial court's judgment is modified to remove the $500 fine. We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[1] Attorney David Barlow must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). Any other pending motions are dismissed as moot.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).