

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00451-CR
_____

VICTOR PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 59,609-E; Honorable Douglas R. Woodburn, Presiding

May 23, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following the revocation of a prior order deferring an adjudication of guilt, Appellant, Victor Perez, was found guilty of the first-degree felony offense of aggravated robbery[1] and sentenced to fifteen years confinement. By three issues, he challenges (1) the final judgment adjudicating his guilt as being erroneous because it describes the deadly weapon used as a "firearm," when the indictment alleged the use or exhibition of a BB gun, (2) the sufficiency of the evidence to sustain attorney's fees, and (3) the sufficiency of the evidence to support the assessment of a "Time Payment Fee." By its

_____

[1] TEX. PENAL CODE ANN. § 29.03 (West 2011).

brief, the State agrees with Appellant as to issue one but disagrees as to issues two and three. We reform the judgment, and as reformed, affirm.

BACKGROUND

On April 16, 2009, Appellant was indicted for the offense of aggravated robbery, allegedly committed by the use or exhibition of a deadly weapon, namely a BB gun, while in the course of committing robbery. On May 17, 2011, pursuant to an open plea without an agreed recommendation on punishment, adjudication was deferred, and he was placed on community supervision for ten years and assessed a $2,500 fine. Less than a year later, the State moved to proceed with an adjudication of guilt, alleging Appellant had committed the new offense of driving while intoxicated. At a hearing on the State's motion held October 3, 2012, Appellant entered a plea of true. After hearing testimony, the trial court found Appellant had violated the terms and conditions of his community supervision and revoked his deferred adjudication. The trial court then proceeded to enter a judgment adjudicating Appellant guilty of the deferred offense and assessed a fifteen-year sentence.

**ISSUE ONE**

Appellant asserts, and the State agrees, that the *Judgment Adjudicating Guilt* incorrectly reflects "YES, A FIREARM" in the summary portion of the judgment under the heading <u>Findings on Deadly Weapon</u>. The *Judgment* also inaccurately recites on page 2 under the heading <u>Furthermore, the following special findings or orders apply</u>: "The Court finds that the deadly weapon was a firearm." This Court has the power to modify the judgment of the court below to make the record speak the truth when we

2

have the necessary information to do so. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). *See also Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Based on the record before us, issue one is sustained, and we reform the judgment to properly recite in the summary portion "Yes, Not A Firearm," and on page 2 to recite "The Court finds that the deadly weapon was not a firearm."

**ISSUE TWO**

By his second issue, Appellant maintains the evidence is insufficient to sustain the assessment of attorney's fees in the amount of $100. The *Bill of Cost* generated October 5, 2012, two days after Appellant was sentenced, reflects "Attorney Fee(s) - Original Plea Agreement. CCP 26.05  100.00." At the time this case was originally briefed, the Texas Court of Criminal Appeals had not issued its opinion in *Wiley v.* State, 410 S.W.3d 313 (Tex. Crim. App. 2013), nor had this Court issued its opinion in *Riles v.* State, 417 S.W.3d 616 (Tex. App. 2013, pet. granted April 2, 2014). In *Wiley*, 410 S.W.3d at 320-21, the Court of Criminal Appeals, relying on its decision in *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), held the appellant had procedurally defaulted his claim that the record did not support an order to reimburse the county for court-appointed attorney's fees by failing to appeal that particular issue at the time he was placed on community supervision. In *Riley*, this Court reached a similar

3

conclusion. *See also Perez v. State,* 424 S.W.3d 81, 85-86 (Tex. Crim. App. 2014) (holding that failure to appeal from the imposition of deferred adjudication waived any subsequent challenge to the imposition of court costs assessed in the original proceeding). Therefore, on the face of the *Bill of Costs*, Appellant would be procedurally barred from contesting those fees.

Appellant, however, maintains that the *Bill of Costs* contains a clerical error and that the $100 at issue reflects attorney fees actually incurred in connection with the revocation proceeding.[2] Appellant notes that the record contains a *Bill of Costs,* dated May 17, 2011, the date of the original proceeding placing Appellant on deferred adjudication, which provides "Attorney Fees (Court Appointed) [Blank]."

In response, the State questions whether the trial court actually ordered repayment of court-appointed attorney's fees because on October 10, 2012, the court signed an *Order to Withdraw Funds* reflecting the amount of $70 as the amount of court costs assessed.[3] Assuming the *Bill of Costs* was in error, the State further contends the trial court's order is nevertheless justified because Appellant was represented by retained counsel throughout most of the underlying proceeding, including the final revocation hearing. Based on the record, we agree with Appellant that the *Bill of Costs* incorrectly reflects that the attorney's fees were assessed in conjunction with the original proceeding, and we find those fees were in fact assessed in connection with the

---

[2] In that regard, we note the record does contain an *Attorney Fee Voucher* signed April 30, 2012, awarding Mike Watkins the sum of $100. The voucher describes the services rendered in the case as: "Open file, review DA case file, attempt to locate client - review of new offense." The State's *Motion to Proceed With Adjudication of Guilt* was filed February 23, 2012, and Watkins was appointed March 21, 2012.

[3] In his reply brief in support of his third issue, Appellant refutes that the trial court excluded the sum of $100 attorney's fees in the *Order to Withdraw Funds*.

4

revocation proceeding. Accordingly, we find *Wiley* and *Riles* to be inapposite, and we conclude the $100 line item for court-appointed attorney's fees is properly before this Court to determine whether Appellant is required to repay them.

It is well established that in order to assess court-appointed attorney's fees in a judgment, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). *See also* Tex. Code Crim. Proc. Ann. art. 26.04(m) (West Supp. 2013). Not only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination. *See Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.— Amarillo 2012, no pet.). Additionally, a defendant who is found to be indigent is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. If a material change occurs, the State may move for reconsideration of the defendant's financial status. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2013).

Here, the State's argument that Appellant is liable for court-appointed attorney's fees because he was ultimately represented by retained counsel in the original proceeding does not satisfy the requirement of establishing a "material change in the defendant's financial circumstances" in the revocation proceeding. The record before us does not reflect a factual basis to support a determination that Appellant himself paid for his retained counsel or had the present financial resources to offset the cost of his legal representation. To the contrary, the presumption that Appellant is indigent is

5

supported by the trial court's order granting him a free appellate record based on his most recent financial information form. Additionally, the State did not move to reconsider Appellant's financial status. Under these circumstances, we decline to hold that a defendant's use of retained counsel preempts his indigent status. Issue two is sustained.

**ISSUE THREE**

By his third issue, Appellant contends the evidence is insufficient to support a "Time Payment Fee" of $25. We disagree.

In his brief, Appellant describes this issue as an issue of "first impression." However, since he filed his brief, at least one appellate court has written on the merits of the time payment fee. *See Davis v. State*, No. 04-13-00413-CR, 2013 Tex. App. LEXIS 13659, at *2 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op., not designated for publication).

Section 133.103(a) of the Texas Local Government Code (West Supp. 2013) mandates that a person convicted of a felony shall pay a $25 fee if that person pays any part of a fine, court costs or restitution on or after the 31st day after the date on which judgment was entered. In the underlying case, judgment was entered on October 3, 2012, and the 31st day fell on Saturday, November 3, 2012. The *Bill of Costs* dated October 5, 2012, shows a total balance of $420 in costs and fees. Once the sum of $100 for improperly assessed court-appointed attorney's fees is deducted, the correct total would be $320. The *Bill of Costs* also shows a payment of $250, therefore there remains a balance of $70.

6

Appellant argues that because 31 days had not passed since the judgment was entered, and he could have paid the balance within that 31 day period, the record does not support assessment of the $25 time payment fee.  In his reply brief, he asserts the *Order to Withdraw Funds* signed a week after judgment "entails deleting the premature Time Payment Fee and refunding the appellant $55 . . . ."  Appellant's argument presupposes he would have paid the entire balance within the time allotted by section 133.103(a)(2).  The record clearly does not support his argument.  Accordingly, we conclude the $25 time payment fee was properly assessed.  *See Davis*, 2013 Tex. App. LEXIS 13659, at *2.  Furthermore, because the time payment fee is a legislatively mandated court cost, it is not subject to an evidentiary sufficiency challenge.  *Johnson v. State*, 423 S.W.3d 385, 389-390 (Tex. Crim. App. 2014).  Issue three is overruled.

## CONCLUSION

We reform the *Judgment Adjudicating Guilt* to show under Findings on Deadly Weapon "Yes, Not A Firearm."  We also reform page 2 of the judgment to recite under the heading Furthermore, the following special findings or orders apply:  "The Court finds that the deadly weapon was not a firearm."  The *Bill of Costs* generated on October 5, 2012, is reformed to delete the amount of $100 for court-appointed attorney's fees.  Because the *Order to Withdraw Funds* signed on October 10th reflects the correct balance of $70, it need not be corrected.  As reformed, the trial court's *Judgment Adjudicating Guilt* is affirmed.

Patrick A. Pirtle
Justice

Do not publish.