

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00447-CR
_____

ADAM MOSES RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 66,280-A; Honorable Dan Schaap, Presiding

May 7, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Adam Moses Ramos, was convicted by a jury of aggravated assault with a deadly weapon[1] and sentenced to thirteen years confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

---

[1] TEX. PENAL CODE ANN. § 22.02(a) (West 2011).

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[3] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did file a response wherein he argues for a "time cut"—a reduction in his sentence. The State did not favor us with a brief.

BACKGROUND

Prior to the incident in question, the victim and Appellant had known each other for over nine years. On November 12, 2012, the victim and her boyfriend discovered that her truck would not start, and after speaking by telephone with Appellant's uncle,

---

[3] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this Court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

she asked him to help jump-start her truck. Shortly thereafter, an SUV arrived with four occupants—Appellant, his mother, his uncle, and an unidentified female. A dispute arose between the two groups and the victim's boyfriend was stabbed in the back. The victim and Appellant's mother also became engaged in a struggle. According to the victim's testimony, she had grabbed hold of Appellant's mother's wrists and hands to avoid being hit when Appellant ran toward her and attacked her by kicking and hitting her. During this fray, she was stabbed in the abdomen.[5] When the victim and her boyfriend threatened to call the police, the assailants fled the scene. The victim was then taken to the hospital where her injuries required surgery.

Although a weapon was never recovered, the doctor who performed surgery testified the victim was stabbed by a very sharp instrument capable of causing death or serious bodily injury. He testified the victim's abdomen had been penetrated by a very sharp instrument consistent with a knife or other similar object that transected the muscle.

ANALYSIS

By the *Anders* brief, counsel advances three potential issues: (1) the sufficiency of the evidence to support the conviction, (2) the severity of Appellant's thirteen-year sentence, and (3) the sufficiency of trial counsel's performance. Counsel then evaluates the issues and concludes the record does not support reversible error.

When we have an *Anders* brief by counsel and a *pro se* response filed by an appellant, we have two choices. One, we may determine that the appeal is wholly

---

[5] The victim testified that Appellant's mother could not have stabbed her because her hands were restrained during the attack.

frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or two, we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to appropriately brief the issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

Here, we have independently examined the entire record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

COURT-APPOINTED ATTORNEY'S FEES

In June 2013, counsel was appointed by the trial court to represent Appellant. The summary portion of the judgment reflects the assessment of court costs "as per attached bill of costs." The *Bill of Cost* generated December 24, 2013, contains a line item which reads: "Attorney Fee(s) – Original Plea Agreement*** CCP 26.05 2,800.00." The record clearly reflects that this case was not a "plea agreement" case, but was, instead, a jury trial based on a plea of not guilty. Resultantly, the assessment of $2,800 in court-appointed attorney's fees on the *Bill of Cost* for a plea agreement is erroneous.

4

It is well established that in order to assess court-appointed attorney's fees in a judgment, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014); *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). *See also* TEX. CODE CRIM. PROC. ANN. art. 26.04(m) (West Supp. 2014). Not only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination. *See Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.). Additionally, a defendant who is found to be indigent is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. If a material change occurs, the State may move for reconsideration of the defendant's financial status. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014).

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). *See also Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

Based on the record before us, the *Judgment* and *Bill of Cost* are modified to delete the requirement that Appellant pay $2,800 in court-appointed attorney's fees and the District Clerk is ordered to prepare an amended *Bill of Cost* and to provide the same to this Court, as well as to Appellant and the Texas Department of Criminal Justice. *See Mayes v. State,* No. 07-13-00344-CR, 2014 Tex. App. LEXIS 12104, at *15-17 (Tex. App.—Amarillo Nov. 5, 2014, no pet.) (mem. op., not designated for publication). Furthermore, this order of reformation extends to any order to withdraw funds from Appellant's inmate account.

CONCLUSION

The trial court's judgment is affirmed as modified and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.