

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00265-CR

_____

ANDRE RYNELL EDWARDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 15-22854; Honorable T.D. Farrell, Presiding

January 30, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In July 2015, pursuant to a plea bargain, Appellant, Andre Rynell Edwards, was placed on deferred adjudication community supervision for a term of two years for burglary of a habitation, a second degree felony.[1] A $1,500 fine was assessed but suspended. The trial court also imposed $1,330 in restitution, $50 for Crime Stoppers

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (West 2011).

fee, $500 in attorney's fees, and court costs. The conditions of community supervision were modified in January 2016, and the following month, the State moved to adjudicate Appellant's guilt and revoke his community supervision for violations of those conditions. Appellant signed a *Stipulation of Evidence* and the trial court held a hearing on the State's motion.

At the hearing, without an agreement as to the disposition of the *Motion to Adjudicate*, Appellant entered a plea of true to all the allegations in the State's motion. During his testimony, he acknowledged numerous violations of the conditions of his community supervision and his delinquency in financial obligations. Notwithstanding his previous modification of the conditions of community supervision, he requested continued community supervision or leniency in sentencing. A week after the hearing, the trial court held a sentencing hearing and found all the allegations in the State's motion to be true, adjudicated Appellant guilty of the original offense, and sentenced him to six years confinement. Appellant filed a timely notice of appeal.[2]

By a sole issue with five subparts, Appellant requests reformation of the judgment adjudicating his guilt for the following errors: (1) the judgment incorrectly reflects the terms of a plea bargain at the adjudication hearing when there was none; (2) the judgment shows that Appellant had been placed on ten years community supervision when the term was only two years; (3) Appellant was assessed a fine but the judgment reflects "Fine: $N/A"; (4) the judgment fails to recite the conditions that

---

[2] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3

Appellant was found to have violated; and (5) the judgment does not designate the specific subsection of section 30.02 of the Texas Penal Code describing the offense for which he was convicted.

By its brief, the State agrees with Appellant that the errors complained of in the judgment may be corrected by this court. For reasons explained below, we agree with Appellant and the State on all but one of the errors, to-wit: that the judgment should reflect assessment of a fine.

APPLICABLE LAW

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). *See also Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

ANALYSIS

We agree with Appellant that the judgment contains numerous errors. On July 8, 2015, Appellant signed a plea bargain agreement with the State in exchange for two years deferred adjudication community supervision and a suspended fine of $1,500. The State later moved to revoke Appellant's community supervision and, at the adjudication hearing, the trial court announced, "[a]s indicated, this is not a plea

agreement." The trial court reiterated the lack of a plea agreement during sentencing. The *Trial Court's Certification of Defendant's Right of Appeal* correctly reflects that the underlying proceeding was not a plea-bargain case and that Appellant has the right of appeal. We order the following language deleted from the summary portion of the *Judgment Adjudicating Guilt*, under the heading of Terms of Plea Bargain: "OPEN PLEA, SIX (6) YEARS TDCJ-INSTITUTIONAL DIVISION." In its place, we order that "N/A" be reflected under that heading.

The last paragraph on the first page of the judgment, reflecting the findings of the trial court, recites that Appellant was originally placed on "community supervision for a period of 10 YEARS." The record and *Order of Deferred Adjudication* confirm that Appellant was placed on community supervision for a period of two years. We order that the numeral "10" in the trial court's finding number (3) be deleted and that the numeral "2" be substituted in its place.

Appellant also complains that under the summary portion of the judgment entitled Fine, it provides "$N/A" instead of including the $1,500 fine originally imposed, but suspended. We disagree with Appellant that the judgment needs reforming to reflect assessment of a fine because no fine was pronounced at sentencing following the adjudication of guilt. A fine is punishment; *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009), and as such, it must be contained in the trial court's oral pronouncement of sentence in order to be included in the written judgment. When there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). Additionally, when guilt is adjudicated, the judgment doing so sets aside the order

4

deferring adjudication. *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). In this case, the record from the sentencing hearing following adjudication reflects pronouncement of six years confinement and no other pronouncements. Because Appellant's sentence consists solely of incarceration, the judgment correctly reflects "N/A" under the heading of <u>Fine</u>.

The last paragraph on the first page of the judgment also recites "(5) . . . Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: . . . ." However, the judgment fails to recite the conditions that the State alleged Appellant violated and which the trial court found to be true. Accordingly, we order that the above-quoted sentence include the following: "Violation of Condition #1 by committing the offenses of Possession of Marihuana and Possession of Drug Paraphernalia; Violation of Condition #14 by failing to make payments for Restitution Fees as ordered by the Court; [and] Violation of Condition #20A by failing to make payments for Crime Stopper Fees as ordered by the Court."

Finally, Appellant claims error in failure of the judgment to reflect the exact subsection of section 30.02 of the Texas Penal Code of which he was found guilty. Article 42.01, section 1 of the Texas Code of Criminal Procedure mandates the requirements to be reflected in a judgment. TEX. CODE CRIM. PROC. ANN. art. 42.01 (West Supp. 2016).[3] Paragraph 13 of the statute requires that a judgment include "the offense or offenses for which the defendant was convicted." The offense Appellant was

---

[3] Effective January 1, 2017, the statute was amended. However, the amendments do not affect the outcome of this appeal. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.10, 2015 Tex. Gen. Laws 2321, 2361.

convicted of is entitled simply "Burglary." Appellant was specifically charged with "intentionally or knowingly [entering] a habitation, without the effective consent of [the owner]," where he attempted to commit or committed theft of property. Thus, inclusion of the subsections accurately describes the offense of which Appellant was convicted. We order the summary portion of the judgment, under the heading Statute for Offense, recite the following: "30.02(a)(3), (c)(2) Penal Code."

CONCLUSION

We overrule Appellant's issue as to the third subpart; sustain the issue as to subparts one, two, four, and five; order reformation of the judgment as indicated; and, as reformed, affirm the judgment adjudicating Appellant's guilt.


Patrick A. Pirtle
Justice


Do not publish.