ACCEPTED
12-17-00209-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/27/2017 11:05 AM
Pam Estes
CLERK

**12-17-00209-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/27/2017 11:05:23 AM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**RUBEN HERNANDEZ, JR.**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0427-15

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
JLawAppeals@gmail.com
Texas Bar No. 24046139
PO Box 8355
Tyler, TX 75711
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## IDENTITY OF PARTIES AND COUNSEL

### Attorney for Appellant

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Curt Ellis
120 S. Broadway
Tyler, TX 75702

### Attorney for the State on Appeal

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................... ii

TABLE OF CONTENTS................................................................................. iii

INDEX OF AUTHORITIES............................................................................ iv

STATEMENT OF THE CASE......................................................................... 2

ISSUES PRESENTED ................................................................................... 2

STATEMENT OF FACTS .............................................................................. 3

SUMMARY OF THE ARGUMENT ................................................................. 4

ARGUMENT .................................................................................................. 4

    **I.    THE TRIAL COURT ERRED IN IMPOSING COURT COSTS FOR DNA TESTING WHEN SUCH COSTS ARE NOT AUTHORIZED FOR A DEFENDANT CONVICTED OF THE INSTANT OFFENSE ......................................................................... 4**

    **II.    THE TRIAL COURT COURT ERRED IN IMPOSING COURT COSTS FOR FEES THAT HAVE BEEN HELD TO BE UNCONSTITUTIONAL. ...................................................................... 6**

CONCLUSION AND PRAYER ....................................................................... 7

CERTIFICATE OF SERVICE ......................................................................... 7

CERTIFICATE OF COMPLIANCE .................................................................. 8

# INDEX OF AUTHORITIES

## TEXAS COURT OF CRIMINAL APPEALS:

*Armstrong v. State,*
  340 S.W.3d 759 (Tex.Crim.App. 2011)........................................................4

*Ex parte Lo,*
  424 S.W.3d 10 (Tex.Crim.App. 2013)..........................................................6

*Johnson v. State,*
  423 S.W.3d 389 (Tex.Crim.App. 2014).....................................................4, 5

*Peraza v. State,*
  467 S.W.3d 508 (Tex.Crim.App. 2015)........................................................6

*Salinas v. State,*
  523 S.W.3d 103 (Tex.Crim.App. 2017)........................................................6

*Thompson v. State,*
  108 S.W.3d 287 (Tex.Crim.App. 2003).....................................................5, 7

## TEXAS COURTS OF APPEAL:

*Cobb v. State,*
  95 S.W.3d 664 (Tex.App.—Houston [1st Dist.] 2002) ................................5, 7

## STATUTES:

TEX. CODE CRIM. PROC. art. 102.020............................................................4, 5

TEX. GOV'T CODE § 411.1471 ........................................................................5

TEX. PEN. CODE § 30.02.................................................................................5

12-17-00209-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**RUBEN HERNANDEZ, JR.**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0427-15

**TO THE HONORABLE JUSTICES OF THE COURT:**

Comes Now, Austin Reeve Jackson, attorney for Ruben Hernandez, and files this brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Ruben Hernandez appeals his conviction and sentence for the felony offense of burglary of a habitation rendered against him in June of this year. (I CR 122). After being indicted for this offense in April of 2015, Mr. Hernandez elected to enter a plea of "not guilty" and proceed to trial by jury. (I CR 1, 122). After a brief trial, Mr. Hernandez was convicted and, having requested that the trial judge impose punishment, was shortly thereafter sentenced to serve a term of ten years' confinement. (I CR 122). Sentence was pronounced on 12 June 2017 and notice of appeal then timely filed. (I CR 122, 126).

## ISSUES PRESENTED

**I.** **THE TRIAL COURT ERRED IN IMPOSING COURT COSTS FOR DNA TESTING WHEN SUCH COSTS ARE NOT AUTHORIZED FOR A DEFENDANT CONVICTED OF THE INSTANT OFFENSE.**

**II.** **THE TRIAL COURT ERRED IN IMPOSING COURT COSTS FOR FEES THAT HAVE BEEN HELD TO BE UNCONSTITUTIONAL.**

## STATEMENT OF FACTS

In March of 2015, Luane Chancellor returned to her Smith County home after a vacation and found a large dog in her yard that would not allow her to approach her house. (XIV RR 15-16). Ms. Chancellor called her brother, who lived nearby, for assistance and after he was able to frighten the dog away the two approached her front door. (XIV RR 16-17). When doing so, the noticed that Ms. Chancellor's dryer was running and as they attempted to open the door they heard a male voice say, "Don't come in." (XIV RR 16-17).

Ms. Chancellor then called 911 and law enforcement arrived to find Appellant, Mr. Ruben Hernandez, inside the home. (XIV RR 18-19). After entering the home, it was observed that Mr. Hernandez had eaten some of Ms. Chancellor's food, hung his clothes in her closet, cleaned clothes in her washer and dryer, and otherwise taken up residence. (XIV RR 19-25). Importantly, the doorjamb around her front door had been broken and the door appeared to have been forced open. (XIV RR 19, 23, 57, 73). Ms. Chancellor told the officers on scene and later testified at trial that she neither new Mr. Hernandez nor had she given him permission to be in her home. (XIV RR 20).

As a result of this situation, Mr. Hernandez was arrested and subsequently indicted for the felony offense of burglary of a habitation; specifically entering Ms. Chancellor's home with the intent to commit theft. (I CR 1). To this charge, he

entered a plea of "not guilty" and proceeded to trial by jury. (I CR 122). Ultimately, Mr. Hernandez was convicted and sentenced to serve a term of ten years' confinement. Sentence was pronounced on 12 June 2017 and notice of appeal then timely filed. (I CR 122, 126).

## SUMMARY OF ARGUMENT

While applicable statutes permit, and indeed require, that costs of court be assessed against a defendant, only those costs that are specifically authorized and may be imposed. In the instant case, among those costs taxed to Mr. Hernandez was a $250 DNA testing fee that is only applicable in certain, statutorily enumerated offenses of which this case is not one. Similarly, a portion of the consolidated court costs fee that was imposed has been held to be unconstitutional. For this reason, the Court should modify the judgment and remove those costs.

## ARGUMENT

**I.** **THE TRIAL COURT ERRED IN IMPOSING COURT COSTS FOR DNA TESTING WHEN SUCH COSTS ARE NOT AUTHORIZED FOR A DEFENDANT CONVICTED OF THE INSTANT OFFENSE.**

By law, a sentencing court shall impose the legislatively mandated, statutory costs at the time a defendant is convicted. *Armstrong v. State*, 340 S.W.3d 759 (Tex.Crim.App. 2011); TEX. GOV'T CODE § 102.020. However, only statutorily authorized costs may be assessed against aa defendant. *Johnson v. State*, 423 S.W.3d

4

385, 389 (Tex.Crim.App. 2014).  When reviewing a challenged cost on appeal a court looks at the record to determine if there is a basis for the cost.  *Id*. at 390.

Among those costs properly imposed against a defendant, in certain limited cases, is a $250 fee for DNA testing.  TEX. CODE CRIM. PROC. art. 102.020.  The cases to which this fee applies are listed in Section 411.1471(a)(1) of the Government Code which includes the offense of burglary of a habitation but only when the defendant has been indicted and convicted of burglary under Section 30.02(d) of the Penal Code.  TEX. GOV'T CODE § 411.1471(a)(1)(F).  Section 30.02(d) of the Penal Code describes those burglaries of a habitation where the defendant "entered the habitation with intent to commit a felony…"  TEX. PEN. CODE § 30.02(d).

In the instant case Mr. Hernandez was neither indicted nor convicted under Section 30.02.  (I CR 1, 122).  Rather, he was charged with entering a habitation with the intent to commit a theft.  (I CR 1); TEX. PEN. CODE § 30.02(a)(1), (c)(2).  As such, the trial court abused its discretion when it improperly assessed as a cost of court $250 for DNA testing and ordering that the same be withheld from the inmate trust account of Mr. Hernandez.  (I CR 122, 124, 127).  Consequently, it is prayed that the Court reform the judgment and withholding order to reflect a reduction of costs by $250.  (*Id*.); *see Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex.App.—Houston [1st Dist.] 2002, no

pet.) (both noting the authority of appellate courts to reform judgments when the appellate court has before it all the information necessary to do so).

## II. THE TRIAL COURT ERRED IN IMPOSING COURT COSTS FOR FEES THAT HAVE BEEN HELD TO BE UN-CONSTITUTIONAL.

Whether a statute is facially constitutional is a question of law that an appellate court will review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex.Crim.App. 2013). A statute is presumed to be constitutional and the burden rests on the challenging party to show that a particular statute is unconstitutional. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex.Crim.App. 2015). "Every reasonable presumption" will be made by a reviewing court in favor of finding that a statute is constitutional. *Id*. Courts will "consider the statute only as written, rather than how it [may operate] in practice." *Id*.

Among other fees, the bill of costs in the instant case includes a fee of $133.00 for consolidated court costs fees. (I CR 127). Recently though, the Court of Criminal Appeals held $13 worth of the consolidated court fee to be constitutionally impermissible. *Salinas v. State*, 523 S.W.3d 103 (Tex.Crim.App. 2017). Specifically, the Court determined that the "abused children's counseling" and "comprehensive rehabilitation" fees were invalid and should be severed from the imposed costs of court. *Salinas* at 113. This results in a reduction of the consolidated court fee from $133.00 to $119.93. *Id*. at 113 (Hervey, J., concurring).

6

Consequently, it is prayed that the Court reform the judgment and withholding order to reflect that reduced amount. (I CR 122, 124, 127); *see Thompson*, 108 S.W.3d at 290; *Cobb*, 95 S.W.3d at 668.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, counsel prays, because a $250 DNA testing fee was improperly ordered, and because the amount of court costs ordered exceeds that which is constitutionally permissible, that the Court modify the underlying judgment and the withholding order to reflect the correct amount.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
PO Box 8355
Tyler, TX 75711
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Brief was delivered to counsel for the State by efile mail on 27 November 2017.

/s/ Austin Reeve Jackson

7

## **CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the requirements of Rule 9.4 and consists of 1,369 words.

/s/ Austin Reeve Jackson