

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

————————————

No. 07-21-00216-CR

————————————

DARIUS PETTERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 244th District Court
Ector County, Texas
Trial Court No. C-18-0731-CR; Honorable James Rush, Presiding

April 6, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In May 2019, Appellant, Darius Petterson, was placed on ten years deferred adjudication community supervision and assessed a $3,500 fine for the offense of aggravated assault, with an affirmative finding on use of a deadly weapon, a firearm.[1]

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2). As indicted, an offense under this section of the Penal Code is a second degree felony, punishable by confinement for a term of not more than twenty years or less than two years in the Texas Department of Criminal Justice and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33.

Several years later, in August 2021, the State filed its second amended *Motion for Warrant and to Adjudicate Guilt* and alleged four violations by Appellant of the conditions of his community supervision. Following a hearing on the State's motion, at which Appellant entered pleas of true to all four of the State's allegations, the trial court found all allegations to be true, adjudicated him guilty of the original charge, and assessed punishment at sixteen years confinement.[2] The court did not assess a fine upon revocation of deferred adjudication. Although the court did not assess a fine, it did include the $3,500 fine from the deferred adjudication order in its *Bill of Costs.* In presenting this appeal,[3] counsel has filed an *Anders*[4] brief in support of a motion to withdraw. We reform the judgment to correct the bill of costs, affirm the judgment as reformed, and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the

---

[2] The trial court entered a *Nunc Pro Tunc Judgment Adjudicating Guilt* on September 7, 2021.

[3] Originally appealed to the Eleventh Court of Appeals, sitting in Eastland, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Eleventh Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

## BACKGROUND

In 2017, Appellant, two other individuals, and the victim were all sitting in a Camaro attempting to purchase marihuana from the victim. Appellant was driving the Camaro. After an argument ensued over the purchase price, one of Appellant's cohorts, who was sitting in the back seat, shot the victim, who was sitting in the front passenger seat, in the back of the head. The victim recovered after several surgeries. Appellant and the two individuals were all charged with aggravated assault with a deadly weapon.

In exchange for a guilty plea, Appellant was placed on deferred adjudication community supervision for ten years. The State initially moved to revoke Appellant's community supervision within months of the trial court's order deferring adjudication, but it was not until several years later that the State amended its motion to revoke and proceeded with the following violations of the conditions thereof:

---

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, *counsel must comply* with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

3

- failing to abstain from possession of marihuana;

- committing the offense of possession of marihuana and being convicted of the offense;

- failing to be at his residence at 10:00 p.m.; and

- committing the offense of evading arrest or detention and being convicted of that offense.

At the hearing on the State's motion, Appellant's community supervision officer testified that he committed the alleged violations. Although she testified that Appellant reported as required and complied with other requirements of his community supervision, he did not do well on "probation" and began violating his conditions within three months of being placed on deferred adjudication. After Appellant presented his case, she testified in rebuttal that Appellant had failed to report three times and absconded before a court date which resulted in issuance of a failure-to-appear warrant.

Appellant presented numerous witnesses, including family and friends, to show that he now had a support system in place to help him meet the conditions of his community supervision. He testified that he no longer needed marihuana and had learned from his mistakes.

After both sides rested, the State argued for a sentence of twenty years while defense counsel argued for anything short of prison time. The trial court considered the history of the case and adjudicated Appellant guilty of the original offense of aggravated assault with an affirmative finding on use of a deadly weapon. Without any objection, the trial court sentenced him to sixteen years confinement.

**STANDARD OF REVIEW**

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of [his community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The finding of a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

### ANALYSIS

By this *Anders* appeal, counsel certifies he examined the entire record and found no meritorious issues to argue on appeal. Counsel explores all phases of the proceedings and the sentence imposed and concedes that reversible error is not presented. He also acknowledges that Appellant's pleas of true to all four of the State's allegations alone provide sufficient evidence to support the trial court's judgment.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

### REFORMATION OF JUDGMENT/BILL OF COSTS

This court has the power to reform the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). *See also Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a

judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

As noted above, the *Nunc Pro Tunc Judgment Adjudicating Guilt* contains an attached *Bill of Costs* reflecting the assessment of a fine of $3,500. Because the record reflects that at the time of sentencing on revocation the trial court did not assess a fine, the inclusion of this fine is in error.

Accordingly, it is ordered that the *Bill of Costs* attached to the *Nunc Pro Tunc Judgment Adjudicating Guilt* be reformed to delete the $3,500 fine. The trial court is ordered to enter a new *Judgment Nunc Pro Tunc* reflecting this reformation and the trial court clerk is directed to provide the corrected judgment to the Institutional Division of the Texas Department of Criminal Justice.

### CONCLUSION

The trial court's judgment is affirmed as reformed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.